## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN PAUL RYAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Case No. CIV-08-1197-D |
| | ) |
| OKLAHOMA COUNTY | ) |
| DISTRICT COURT, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[1] For the reasons stated below, it is recommended that the petition be dismissed upon filing without prejudice.

Petitioner states that he is "a Pre-trial Detainee [not a convicted felon]" who is apparently being detained in the Oklahoma County Detention Center with pending charges in Case Nos. CF-2008-5110 and CF-2008-6259, Oklahoma County District Court. Petition at 1-2. The district court docket shows that on September 8, 2008, Petitioner was changed with possession of proceeds derived from a violation of the "UCDS Act" (Uniform Controlled Dangerous Substances Act), possession of a controlled dangerous substance

---

[1] Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases may be applied to other habeas actions such as the instant case, in the Court's discretion.

(methamphetamine) with intent to distribute, possession of a controlled dangerous substance (marijuana), and possession of drug paraphernalia, in Case No. CF-2008-5111. *See* Oklahoma State Courts Network, Oklahoma County District Court docket, available at http://www.oscn.net (accessed February 27, 2009). With respect to Case No. CF-2008-6259, the docket reflects that on October 24, 2008, Petitioner was charged with possession of a controlled dangerous substance (methamphetamine), possession of drug paraphernalia, and concealing stolen property. *Id.*

Petitioner has raised four grounds for habeas relief. In his first and second claim, Petitioner asserts constitutional challenges to his confinement and pending criminal proceedings by arguing that he was unlawfully seized and illegally arrested in violation of the Fourth Amendment. Specifically, he complains that he was arrested without a warrant, and that the State has never been required to show probable cause justifying his continued detention. Petition, p. 1-3. Petitioner also complains that his Sixth Amendment rights have been violated because he has not been given the opportunity to participate in the pending criminal proceedings. *Id.*, pp. 3-4. In his final claim, Petitioner alleges that he is being denied access to a law library, legal reference materials, and a pen and paper, which interferes with his ability to challenge the conditions of his confinement and assist in presenting a defense to his pending criminal charges. *Id.*, p. 4.

I. Standard for Initial Screening

District courts must review habeas petitions promptly and summarily dismiss a

2

petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.

II.  Discussion

A.  Abstention

Although Petitioner does not specifically request any relief (other than that the Court "follow Stare Decisis in following precedent authorities when ruling on this Petition on IT'S MERITS[,]" Petition, p. 5, the long-standing public policy of abstention generally bars federal court intervention in on-going state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971).  While § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner.  *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993).  The *Younger* abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems.  *Younger*, 401 U.S. at 44-45.  The *Younger* doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims.  *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).  "Once these three conditions are met, *Younger* abstention is non-discretionary

and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

An exception to this mandatory rule of abstention, exists only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *accord Younger*, 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); *see also Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989) (noting that abstention under *Younger* is mandatory if the above three conditions are met, absent extraordinary circumstances).  According to *Younger*, the irreparable injury necessary to overcome the presumption of abstention must be "both great and immediate." *Younger*, 401 U.S. at 45 (quotation omitted).  Further, although *Younger* involved an injunctive proceeding, *Younger* abstention principles are applicable to a habeas action seeking to stop a state prosecution.  *See Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977).  Because a dismissal based upon *Younger* abstention is jurisdictional, *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004), such dismissal should be made without prejudice. *Wideman v. Colorado*, Nos. 07-1152, 07-1154, 242 Fed. Appx. 611, 615 (10th Cir. Oct. 1, 2007) (unpublished)[2], *cert. denied*, *Wideman v. Colo. Family Enforcement Servs.*, 128 S. Ct.

---

[2] This unpublished disposition and any others cited herein are cited pursuant to Tenth Circuit Rule 32.1.

1740 (2008).

Here, all three conditions for *Younger* abstention are met.  First, there are ongoing state criminal proceedings in the District Court of Oklahoma County in Case Nos. CF-2008-5110 and CF-2008-6259; indeed, the docket sheet for this action indicates that a pretrial conference is scheduled for April 29, 2009.  Furthermore, there is no question that the prosecution of those accused of violating state law implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts . . . .") (quotation and citation omitted).  Finally, the Oklahoma courts provide Petitioner with an adequate opportunity to present his federal constitutional claims.  Under Oklahoma law, a defendant in a felony case is entitled to a preliminary hearing to determine whether there is probable cause to hold him for a criminal prosecution.  *See* Okla. Stat. tit. 22, § 258.  Oklahoma law recognizes that the right to counsel attaches at arraignment, *see Miller v. State*, 29 P.3d 1077, 1080 (Okla. Crim. App. 2001), ensures that counsel is provided for indigent defendants, *see generally* Okla. Stat. tit. 22, § 1355, and provides opportunities to address other pretrial matters, *see generally* Okla. Stat. tit. 22, ch. 7.

The dockets from the felony criminal actions pending against Petitioner demonstrates that on February 10, 2009, Petitioner appeared on both pending cases with appointed counsel, waived a preliminary hearing, entered pleas of not guilty, and that a pretrial conference is set

5

for April 29, 2009.  Case Nos. CF-2008-5110 and CF-2008-6259, District Court of Oklahoma County, Docket.  Thus far then, it appears that the Oklahoma state courts have provided Petitioner with adequate opportunity to address his federal constitutional claims. Moreover, even if Petitioner is convicted at trial, he will have the opportunity to directly appeal his conviction and sentence where his federal constitutional claims may be raised, *see* Okla. Stat. tit. 22, § 1051, and he will also have the chance to present federal constitutional claims in a post-conviction application for relief.  *See* Okla. Stat. tit. 22, § 1080. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Thus, state court proceedings will provide ample opportunity for Petitioner to present his federal constitutional claims, and he has made no specific showing to the contrary.

Given that the *Younger* abstention conditions are all satisfied, the Court should abstain from hearing Petitioner's claims unless he can establish that an exception to *Younger* abstention applies.  Petitioner has not alleged or demonstrated any facts indicating that this is one of the rare cases of "proven harassment" or that his prosecution has been "undertaken by state officials in bad faith without hope of obtaining a valid conviction," or that this is an "extraordinary circumstance[] where irreparable injury can be shown."  *Perez*, 401 U.S. at 85.

B.  Conditions of Confinement Claim

As to Petitioner's claim that he has been denied access to a law library and legal research materials, the undersigned notes that claims such as Petitioner's which challenge conditions of confinement should be brought in a civil rights complaint maintained pursuant to 42 U.S.C. § 1983, rather than asserted in a § 2241 habeas petition.  *See Abdulhaseeb v. Ward*, No. 05-6054, 173 Fed. Appx. 658, 660 (10th Cir. March 27, 2006) (unpublished).  *See also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").  The undersigned declines to recharacterize these claims as brought pursuant to § 1983, as it appears they lack merit.

Pretrial detainees have a constitutional right to adequate, effective, and meaningful access to the courts.  *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985).  To assert a constitutional claim for violation of this right, a confined plaintiff must allege facts indicating (1) a denial of legal resources, and (2) that the denial of such resources hindered his or her efforts to pursue a nonfrivolous claim.  *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  However, the right of access to the courts does not entail a constitutional right to a law library or professional legal assistance.  *Lewis*, 518 U.S. at 350. Instead, "meaningful access to the courts is the touchstone," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and the Supreme Court has encouraged local experimentation in various methods of assuring access to the courts, *Lewis*,

518 U.S. at 352.  In fact, the Court has specifically condoned programs that "replace libraries with some minimal access to legal advice and a system of court-provided forms." *Id.*

Applying these principles to Petitioner's contention that Oklahoma County's failure to provide him with access to a law library and other research materials interferes with his ability to assist with presenting a defense to the pending criminal charges, the undersigned concludes that such claim would fail even if properly raised in this court.  The trial court has appointed counsel to assist Petitioner with his criminal defense which "is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999).  This is true even if Petitioner elects to represent himself in his criminal trial because the Tenth Circuit has held that "a prisoner who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding is not entitled to access to a law library or other legal materials." *Id.* at 1205.

As to Petitioner's claim that he has not been provided access to paper or writing instruments, the undersigned finds this allegation specious at best given that the petition is handwritten and filed on lined notebook paper.  It is thus unlikely that whatever denial of access to paper and writing instruments may have occurred actually interfered with Petitioner's efforts to pursue a nonfrivolous claim and would thus not warrant § 1983 relief. *See, e.g., Friedman v. Kennard*, No. 07-4116, 248 Fed. Appx. 918, 922 (10th Cir. Sept. 25, 2007) (unpublished) (noting that § 1983 prisoner plaintiff had managed to prepare a 44 page pleading in the district court and concluding that the plaintiff failed to provide facts showing

that his efforts to pursue legal relief were hindered by alleged lack of adequate access to pencils).  Thus, the undersigned finds that Petitioner's access to court claim should not be recharacterized as a § 1983 claim and recommends since this claim is improperly brought within this § 2241 proceeding, that such claim should be dismissed upon filing along with Petitioner's other claims.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed without prejudice. Petitioner is advised of his right to object to this Report and Recommendation by the 19th day of March, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Court Clerk is directed to send a copy of this Report and Recommendation to the Oklahoma County District Attorney on behalf of the Respondent.

ENTERED this 27th day of February, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE